UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

DERRICK JONES,

                          Petitioner,

- versus -

WARREN BARKLEY, Superintendent, Cape Vincent Correctional Facility,

                          Respondent.

MEMORANDUM
AND ORDER
12-CV-1053 (JG) (LB)

A P P E A R A N C E S :

    DERRICK JONES
        #09-R-3437
        Cape Vincent Correctional Facility
        Route 12E
        P.O. Box 739
        Cape Vincent, NY 13618
        Petitioner, *Pro Se*

    CHARLES J. HYNES
        Kings County District Attorney
        350 Jay Street at Renaissance Plaza
        Brooklyn, NY 11201
    By:    Rhea A. Grob
        Assistant District Attorney
        *Attorney for Respondent*

JOHN GLEESON, United States District Judge:

        Derrick Jones, who is currently incarcerated at Cape Vincent Correctional Facility, brings this petition, *pro se*, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jones is granted leave to proceed *in forma pauperis* and is directed to submit to the court within 30 days a written explanation of the bases for his habeas petition, if any, that are not disposed of under the court's reasoning below. Respondent need not file opposition papers at this time. If

Jones fails to satisfactorily respond to this order, his petition for habeas corpus will be denied for the reasons explained below.

## BACKGROUND

Jones filed the instant petition for habeas corpus on or around February 1, 2012. ECF No. 1. On or around March 19, 2012, Jones moved the court to permit him to proceed *in forma pauperis*. ECF No. 3.

Jones states in his petition that he pled guilty to second-degree burglary and was sentenced on October 2009 to serve 7 years of incarceration and 5 years of post-release supervision. I ordered the Kings County District Attorney to provide the court with a copy of the judgment governing Jones's current incarceration. ECF No. 4. In response, the District Attorney filed a "Certificate of Disposition" from the Supreme Court of New York for Kings County, which indicates that on October 2, 2009, the Honorable D. Chun, then a justice of the court, adjudicated Jones a second felony offender and sentenced him for his second-degree burglary conviction to, *inter alia*, 7 years of imprisonment and 5 years of post-release parole supervision. ECF No. 5.

Jones asserts only a single basis in his petition for habeas relief. He states the purpose of his petition is "to remit post release supervision as deemed so by the People of the United States of America as unconstitutional by double jeopardy." ECF No. 1 (some capitalization removed). He provides the following citations as "Case[s] in Point" in support of his petition: *Hardy v. Fischer*, 701 F. Supp. 2d 614 (S.D.N.Y. 2010), and *Scott v. Fischer*, 616 F.3d 100 (2d Cir. 2010). *Id.* He fleshes out his argument as follows:

> If the Federal Court has ruled Post Release Supervision to be Unconstitutional, pursuant to American Jurisprudence, Second Edition Constitutional Law, X. Retrospective Legislation, A. Ex Post Facto Laws and Bills of Attainder, then whatever State be of

> the Union, must abide by that ruling after being conveyed to the People of such obstruction. The State, having its own rights and personal establishment separate and distinct may not impose nor support any unconstitutional finding by the People, no matter the degree and no matter the time in which any standard of the law be found or established as unconstitutional by this respected forum.

*Id.* Jones concludes by seeking the following relief: "Though Retro-Active, I Derrick Jones request full remission of these 5 years imposed upon myself by the State of New York, Department of Correctional Services, Division of Parole, this Post Release Supervision." *Id.*

DISCUSSION

In *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), the Second Circuit held that clearly established federal constitutional law prohibited New York's Department of Correctional Services ("DOCS") from imposing post-release supervision on any inmate if the court had not imposed such a term at sentencing, even where such post-release supervision was required by statute. *Id.* at 66; *see also Garner v. N.Y. State Dept. of Correctional Svcs.*, 10 N.Y.3d 358 (2008) (holding that post-release supervision imposed by anyone other than a judge violates New York state law).[1] The Second Circuit declared DOCS's attempt to administratively impose post-release supervision on inmates a "nullity" on the ground that due process requires that "[o]nly the judgment of a court, as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty." *Earley*, 451 F.3d at 75, 76 (citing *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464 (1936)). When the executive discovers an oversight made by a defendant's sentencing judge, the proper course is for the state to "move[] to correct the sentence through a judicial proceeding" – "not to modify the sentence unilaterally." *Id.* at 76; *see also*

---

[1] The New York legislature subsequently passed N.Y. Corr. Law § 601-d in 2008 "to provide a mechanism for courts to consider resentencing defendants serving determinate sentences without court-ordered postrelease supervision terms." *People v. Williams*, 14 N.Y.3d 198, 206 (2010). The legislature also amended Penal Law § 70.45(1) in 2008 to require that a sentencing court "shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision determined pursuant to this article." N.Y. Penal Law § 70.45(1) (2008).

*Scott*, 616 F.3d at 109 (explaining that federal and New York law "prohibit[] DOC[S] from unilaterally correcting sentences – even illegal ones" (internal citation and alteration omitted)).

Based on the caselaw that Jones cites and the relief that he seeks, I conclude that Jones is attempting to marshal the *Earley* line of caselaw to support his petition for habeas corpus. *See Scott*, 616 F.3d at 102-03 (awarding defendant officials qualified immunity on § 1983 claim on ground that *Earley* principle was not clearly established law at the time of the alleged violation); *Hardy*, 701 F. Supp. 2d at 622-23 (denying § 1983 claim on ground that proper vehicle for asserting *Earley* claim is a petition for habeas corpus rather than § 1983). However, Jones's sentence does not suffer from the defect at the core of *Earley*: his 5-year period of post-release supervision was imposed by his sentencing judge at the time of sentencing. It was not extra-judicially added to his sentence afterward by DOCS.

## CONCLUSION

Accordingly, the only identifiable basis for Jones's petition for habeas corpus is without merit. Unless Jones notifies the court in writing within 30 days of the entry of this order that he intends to ground his petition on a different legal basis from the one described above, Jones's petition for habeas corpus pursuant to 28 U.S.C. § 2254 will be denied as without merit, and the Clerk of the Court will be instructed to close the case. Because Jones has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

So ordered.

John Gleeson, U.S.D.J.

Dated: May 10, 2012
      Brooklyn, New York